[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15565
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00044-TJC-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLIN EUGENE METTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 15, 2015)

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

In 2014, Marlin Eugene Mette was sentenced to 120 months' imprisonment after pleading guilty to knowingly possessing stolen firearms, knowingly possessing firearms as a previously convicted felon, knowingly possessing firearms while subject to a restraining order, and knowingly possessing firearms after having been convicted of misdemeanor crimes of domestic violence. On appeal, he argues that his sentence was procedurally and substantively unreasonable. We find no reversible error and affirm.

Our review of the reasonableness of a sentence is a two-step process. First, we ensure that the district court committed no "significant procedural error." United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation marks omitted). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam) (citing Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).

Second, we review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008); see also United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (emphasizing the "institutional advantage" of a district court in

2

determining a sentence (quotation omitted)).  A sentence is substantively unreasonable if the district court "has weighed the [18 U.S.C. § 3553] factors in a manner that demonstrably yields an unreasonable sentence" and "we are left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Pugh, 515 F.3d at 1191 (quotation marks omitted).   Where, as here, the district court imposes a sentence that is within the Guidelines range, we presume that the sentence is substantively reasonable.  United States v. Irey, 612 F.3d 1160, 1185 (11th Cir. 2010) (en banc).

To begin, we find no significant procedural error.  Mette does not point to any error in the district court's Guidelines calculation.  Instead, he argues that the district court did not adequately explain the basis for his 120-month sentence. However, before imposing Mette's sentence, the court considered the applicable Guidelines range, the appropriate statutory factors, and testimony from Mette and Mette's family.  It also made clear that, in its view, a within-Guidelines sentence was appropriate because of Mette's prior history of violent offenses.  Under our Court's precedent, this explanation is sufficient.  See United States v. Docampo, 573 F.3d 1091, 1100 (11th Cir. 2009) (stating that "the acknowledgment by the district court that it had considered [the defendant's] arguments and the sentencing factors of section 3553" was an adequate explanation).

Neither are we left with a "definite and firm conviction" that Mette's sentence is substantively unreasonable given our deferential standard of review. See Pugh, 515 F.3d at 1191. Because the district court imposed a within-Guidelines sentence, we begin with the presumption that Mette's sentence was reasonable. Mette cannot overcome this presumption. Although he argues that the district court placed too much weight on his prior criminal history, a sentencing court "is permitted to attach great weight to one factor over others." Shaw, 560 F.3d at 1237 (quotation omitted). And as the district court pointed out, Mette's presentence report reflects a number of arrests and convictions over the past two decades, including convictions for violent offenses. Thus, it was fully within the district court's discretion to emphasize Mette's extensive criminal history in concluding that a 120-month sentence was warranted. See e.g., Shaw, 560 F.3d at 1239–40 (affirming an upward variance to 120 months' imprisonment based primarily on prior criminal conduct); United States v. Sanchez, 586 F.3d 918, 934–36 (11th Cir. 2009) (affirming an upward departure and an upward variance to 200 months' imprisonment where both the departure and variance were based on prior criminal conduct). Mette has not shown that his sentence was unreasonable.

**AFFIRMED.**

4